# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY DWAYNE QUEEN,<br><br>  Petitioner,<br><br>v.<br><br>MATTHEW CATE, Warden,<br><br>  Respondent. | Civil No.   09-1804 IEG (RBB)<br><br>**ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner

1 is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules
2 Governing § 2254 Cases no later than **October 19, 2009**.  The motion to dismiss shall not
3 address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which
4 Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]
5 At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records
6 bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion
7 to dismiss.

8       3.  If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to
9 the motion no later than **November 18, 2009**.  At the time the opposition is filed, Petitioner shall
10 lodge with the Court any records not lodged by Respondent which Petitioner believes may be
11 relevant to the Court's determination of the motion.

12       4.  Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's
13 opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent
14 adequate time to respond to Petitioner's claims on the merits.

15       5.  If Respondent does not contend that the Petition can be decided without the Court
16 reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the
17 Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to
18 Rule 5 of the Rules Governing § 2254 Cases no later than **November 3, 2009**.  At the time the
19 answer is filed, Respondent shall lodge with the Court all records bearing on the merits of
20 Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall
21 be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent**
22 **to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into
23 a combined lodgment entry.  Each item shall be numbered separately and sequentially.

24       6.  Petitioner may file a traverse to matters raised in the answer no later than **December**
25 **3, 2009**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each
26 allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive

27

28       [1]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

9. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: August 26, 2009

*Ruben Brooks*

Ruben B. Brooks
United States Magistrate Judge