1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   BRADLEY DWAYNE QUEEN,              )   Civil No. 09CV1804 IEG (RBB)
                                        )
11                Petitioner,           )   **REPORT AND RECOMMENDATION RE**
                                        )   **FILING A SECOND AMENDED**
12   v.                                 )   **PETITION [DOC. NO. 4] AND**
                                        )   **DENYING PETITIONER'S**
13   MATTHEW CATE, Secretary,           )   **APPLICATION TO STAY**
     California Department of           )   **PROCEEDINGS PENDING EXHAUSTION**
14   Corrections and                    )   **OF STATE COURT REMEDIES [DOC.**
     Rehabilitation,                    )   **NO. 7]**
15                                      )
                  Respondent.           )
16   _____)

17

18        Petitioner, Bradley Dwayne Queen, a state prisoner represented

19   by counsel, has filed a Petition for Writ of Habeas Corpus pursuant

20   to 28 U.S.C. § 2254 [doc. nos. 1, 4].[1]  He also filed an

21   Application to Stay Proceedings Pending Exhaustion of State Court

22   Remedies [doc. no. 7].  Respondent's Opposition to Motion to Stay

23   and Abey was filed on December 14, 2009 [doc. no. 13].  Counsel for

24   Petitioner attempted to file Supplemental Facts in Support of

25   Application to Stay Proceedings and Hold Petition in Abeyance [doc.

26   _____

27        [1]  Queen first filed his Petition on August 19, 2009; then he
     filed an Amended Petition on August 31, 2009, which differed from
28   the original because it contained Petitioner's signed verification.
     (Pet. 14; Am. Pet. 14.)

1   no. 11], but the Court struck the entry from the docket because a

2   court order is required to file supplemental documents [doc. no.

3   14].  Instead, on December 29, 2009, Queen filed a Reply [doc. no.

4   15].

5       On February 2, 2010, the Court issued a Minute Order directing

6   Queen to submit to chambers, by February 5, 2010, a copy of the

7   state habeas corpus petition referred to in the Application to Stay

8   [doc. no. 16].  Petitioner complied with the request; Queen's state

9   habeas corpus petition was filed by the Court on February 11, 2010,

10  and is described on the docket as "State Court Record" [doc. no.

11  17].  (State Ct. R. petition written habeas corpus.)[2]

12      **I.   LEGAL STANDARD FOR EXHAUSTION**

13      Before a federal court may grant habeas relief on a claim, a

14  petitioner must exhaust all available state judicial remedies.  28

15  U.S.C.A. § 2254(b)(1)(A) (West 2006); Rhines v. Weber, 544 U.S.

16  269, 273-74 (2005) (referring to total exhaustion requirement of

17  Rose v. Lundy, 455 U.S. 509, 522 (1982), abrogated on other grounds

18  by Rhines, 544 U.S. 269).  A claim is exhausted only when a

19  petitioner has fairly presented it to the state courts.  Duncan v.

20  Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S.

21  270, 275 (1971)).  To meet the fair presentation requirement, the

22  petitioner must "alert the state courts to the fact that he [is]

23  asserting a claim under the United States Constitution."  Hiivala

24  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Duncan, 513

25  U.S. at 365-66).  The petitioner must "provide the state courts

26  with a 'fair opportunity' to apply controlling legal principles to

27

28      [2] Because Queen's state habeas corpus petition is not
    consecutively paginated, the Court will cite this document using
    the numbers assigned by the electronic filing system.

the facts bearing upon his constitutional claim." <u>Anderson v.</u>
<u>Harless</u>, 459 U.S. 4, 6 (1982) (citing <u>Picard v. Connor</u>, 404 U.S. at
276-77).  By giving state courts the "'opportunity to pass upon and
correct' alleged violations of its prisoners' federal rights,"
comity is promoted, and disruption of state judicial proceedings is
prevented.  <u>Duncan</u>, 513 U.S. at 365 (quoting <u>Picard</u>, 404 U.S. at
275); <u>see also</u> <u>Rose</u>, 455 U.S. at 518; <u>Fields v. Waddington</u>, 401
F.3d 1018, 1020 (9th Cir. 2005).

Constitutional claims raised in federal proceedings must be
presented to the state courts first.  <u>Baldwin v. Reese</u>, 541 U.S.
27, 31-32 (2004).  A petitioner must provide the highest state
court with a fair opportunity to consider the factual and legal
bases of his claims before presenting them to the federal court.
<u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999) (citing
<u>Picard</u>, 404 U.S. at 276; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th
Cir. 1996); <u>see also</u> <u>Duncan</u>, 513 U.S. at 365; <u>Scott v. Schriro</u>, 567
F.3d 573, 582 (9th Cir. 2009); <u>Davis v. Silva</u>, 511 F.3d 1005, 1008
(9th Cir. 2008).  A claim is not exhausted if it is pending before
the state's highest court.  <u>See</u> <u>Rose</u>, 455 U.S. at 515 ("[A]s a
matter of comity, federal courts should not consider a claim in a
habeas corpus petition until after the state courts have had an
opportunity to act . . . ."); <u>Anderson v. Morrow</u>, 371 F.3d 1027,
1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement entitles a
state to pass on a prisoner's federal claims before the federal
courts do so.").  "It follows, of course, that once the federal
claim has been fairly presented to the state courts, the exhaustion
requirement is satisfied." <u>Picard</u>, 404 U.S. at 275.

The Court may <u>deny</u> an application for habeas relief on the merits even if the petitioner has not yet exhausted his state judicial remedies.  28 U.S.C.A. § 2254(b)(2).  But the Court has no authority to <u>grant</u> relief on unexhausted claims.  <u>Id.</u> § 2254(b)(1)(A).

**A.   Whether Queen has Submitted a Mixed Petition**

A mixed petition is one that contains both exhausted and unexhausted claims.  <u>See Rose</u>, 455 U.S. at 510.  Here, Queen's first ground for relief was raised on direct appeal and in his petition for review filed with the California Supreme Court.  (Am. Pet. 4-6.)  None of the claims asserted in ground two of Queen's federal Petition have been presented to the California Supreme Court, and only two of the five arguments were included in the habeas petition filed in the San Diego Superior Court.  (<u>Id.</u> at 7-12.)  Likewise, ground three in Queen's federal Petition has not been raised before the state supreme court but is alleged in Queen's superior court habeas petition.  (<u>Id.</u> at 12.)

Queen's state habeas corpus petition, filed in the superior court, alleged the following claims:  (1) The photo lineup used by the police was unconstitutionally suggestive because his was the only picture showing a man with a mustache, and the victim described the suspect as having a mustache; (2) he received ineffective assistance of trial counsel because she should have had an expert evaluate the constitutionality of the photo lineup; she did not adequately investigate facts relating to a third party's attempt to use the victim's identity to cash a check after Queen was in custody; and she failed to present a defense because she discouraged Queen from testifying on his own behalf; and (3) he

received ineffective assistance of appellate counsel because his attorney failed to raise trial counsel's failure to secure an expert to evaluate the photo lineup and failure to adequately investigate the third party's use of the victim's identity to cash a check.  (State Ct. R. petition writ habeas corpus at 6-8.)

On August 31, 2009, the superior court denied Queen's state petition, finding that he had not made a prima facie showing that he was entitled to relief.  (Application Stay Attach. #1 Ex. A at 2.)  The court stated, "Petitioner has submitted no independent corroborating evidence in support of his instant petition for writ of habeas corpus other than his conclusory, self-serving statement of facts."  (Id.)  It explained, "Petitioner's own unsubstantiated, self-serving statements in his petition do not provide a sufficient basis upon which to prove his claims."  (Id.)  Notably, the state court did not deny the state habeas petition as untimely.  (Id. at 2-4.)

As of the date of this Report and Recommendation, the Court has not been informed that any additional state habeas corpus petitions have been filed in either the California Court of Appeal or the California Supreme Court.

Queen's federal Petition contains the following claims and subclaims for relief:  (1) Petitioner was denied due process and his right to a fair cross section of jurors by the trial court's refusal to continue the trial so that he could challenge the method of selecting the jury panel; (2) he was denied effective assistance of trial counsel because his attorney did not investigate the fact that a third party attempted to use the robbery victim's identity to cash a check, did not call a witness who would testify that a

gun was not fired on the night of the robbery, did not present

expert testimony that the pretrial identification of Queen was

suggestive, did not test Queen's sweatshirt for gunpowder residue,

and did not obtain juror declarations that two jurors considered

Queen's failure to testify in finding him guilty; and (3) he was

denied effective assistance of appellate counsel because his

attorney did not challenge the trial court's denial of Queen's

request for juror information to support his claim of jury

misconduct.  (Am. Pet. 4, 7, 12.)

A petitioner must give the state's highest court an

opportunity to consider each federal habeas claim.  See O'Sullivan

v. Boerckel, 526 U.S. 838, 839–40 (1999); Scott, 567 F.3d at 582;

Weaver, 197 F.3d at 364; see also Galvan v. Alaska Dep't of Corr.,

397 F.3d 1198, 1201–02 (9th Cir. 2005) (holding that the failure to

include a claim raised below but not included in the petition to

the state supreme court supported an inference that petitioner

chose not to exhaust the claim).

One of Queen's claims was raised on direct appeal and in a

petition for review filed with the California Supreme Court.  (Am.

Pet. 9.)  Other claims have only been alleged in a superior court

habeas petition and in this Court.  (Id. at 7–11.)  Others, still,

have only been asserted in this Court.  (Id.)  Queen's federal

Petition is truly a "mixed" petition, that is, "one containing both

exhausted and unexhausted claims."  Rhines, 544 U.S. at 273.

## II.   LEGAL STANDARD FOR STAY OF MIXED PETITIONS

In Rhines v. Weber, 544 U.S. at 276, the Supreme Court held

that district courts have the discretion to stay a mixed habeas

petition and hold it in abeyance to allow a petitioner to present

unexhausted claims to state court.  "Once the petitioner exhausts
his state remedies, the district court will lift the stay and allow
the petitioner to proceed in federal court."  Id. at 275-76.
"When a petitioner has not exhausted his state remedies before
filing a federal habeas petition, a district court may hold the
federal petition in abeyance, issue a stay of execution, and allow
the petitioner an opportunity to exhaust his state remedies."
Neuschafer v. Whitley, 860 F.2d 1470, 1472 n.1 (9th Cir. 1988); see
also Anthony v. Cambra, 236 F.3d 568, 575-76 (9th Cir. 2000).
Nevertheless, federal courts are not required to "tolerate needless
piecemeal litigation, [or] to entertain collateral proceedings
whose only purpose is to vex, harass, or delay."  Sanders v. United
States, 373 U.S. 1, 18 (1963).

Normally, if the Court is presented with a mixed petition, one
including both exhausted and unexhausted claims, a three-step
approach to exhaustion may be applied.  See Calderon v. U.S. Dist.
Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998).

> The procedure include[s] (1) allowing a petitioner to
> amend his petition to remove the unexhausted claims -- as
> Rose indicated; (2) staying and holding in abeyance the
> amended, fully exhausted petition to allow a petitioner
> the opportunity to proceed to state court to exhaust the
> deleted claims; and (3) permitting the petitioner after
> completing exhaustion to amend his petition once more to
> reinsert the newly exhausted claims back into the
> original petition.

Jackson v. Roe, 425 F.3d 654, 658-59 (9th Cir. 2005) (citation
omitted).

In Jackson, the Ninth Circuit stated that it had previously
approved the three-step procedure outlined in Taylor.  Id. at 659.
But Jackson noted that Rhines did not "comment on the validity of
the three-step stay-and-abeyance procedure approved in Taylor and

Kelly." Id. at 661.  The Jackson court continued:  "[W]e leave for another day the question of whether the stay standard announced by the Supreme Court in Rhines applies to our three-step stay-and-abeyance procedure." Id. (footnote omitted).

In Rhines, the Supreme Court explained that any stay and abeyance must be consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276.  AEDPA contains a one-year limitations period which underscores the statute's goal of reducing delays in the execution of criminal sentences and the "'well-recognized interest in the finality of state court judgments.'" Id. (quoting Woodford v. Garceau, 538 U.S. 202, 206 (2003)).  The Rhines Court explained that, if granted too frequently, a stay and abeyance would undermine AEDPA's purposes. Id.  Consequently, "stay and abeyance should be available only in limited circumstances." Id. at 277.  Still, when a petitioner shows good cause for his failure to exhaust, presents potentially meritorious claims, and demonstrates that he has not engaged in dilatory litigation tactics, "it likely would be an abuse of discretion for a district court to deny a stay." Id. at 278.  "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id.

AEDPA's goals are served when the Rhines standard is applied to the three-step stay-and-abeyance procedure for mixed petitions. Rhines underscores the importance of reducing delays in the execution of state criminal sentences.  Furthermore, the interest

1  in recognizing the finality of state court judgments is fostered.

2  Id. at 276.

### A.   Whether Queen's Petition Should be Stayed

4      The Court will consider whether Petitioner is entitled to a

5  stay, for some or all of his unexhausted claims, under Rhines.

### 1.   Good Cause

7      Under Rhines, the first factor to consider is whether "there

8  was good cause for the petitioner's failure to exhaust his claims

9  first in state court."  Id. at 277.  Neither the Supreme Court nor

10 the Ninth Circuit has defined what constitutes "good cause" for

11 failure to exhaust.  The Ninth Circuit merely opined that good

12 cause requires something less than a showing of "extraordinary

13 circumstances."  Jackson, 425 F.3d at 662.

14      Good cause for not previously exhausting a claim has long

15 been relevant in deciding whether to grant a stay of a habeas

16 petition.  Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir.

17 1993) (holding that district court abused its discretion when it

18 denied the petitioner's request for a stay to permit new counsel

19 to raise claims overlooked by prior counsel); see Guillory v. Roe,

20 329 F.3d 1015, 1018 (9th Cir. 2003) (discussing tolling and

21 stating that "relevant measure of diligence is how quickly a

22 petitioner sought to exhaust the claims dismissed as unexhausted,

23 and how quickly he returned to federal court after doing so[]").

24 See generally Duncan v. Walker, 533 U.S. 167, 181 (2001) (noting

25 that AEDPA's clear purpose was to encourage litigants to exhaust

26 claims in state court before bringing federal habeas petition).

27      The good cause standard was recently analyzed in Wooten v.

28 Kirkland, 540 F.3d 1019 (9th Cir. 2008).  In Wooten, petitioner's

attorney filed a direct appeal in the California Court of Appeal and a petition for review in the California Supreme Court, both of which were denied.  Id.  Although Wooten was "under the impression" that his counsel presented all of his claims at both levels of appeal, one claim was omitted from the state supreme court petition.  Id. at 1022.  On federal habeas review, the district court held that the omitted claim was not exhausted.  Id. It denied petitioner's motion to stay and hold the case in abeyance while he returned to state court, concluding that Wooten failed to establish good cause for his failure to exhaust.  Id. at 1023.  The Ninth Circuit upheld the district court's decision, stating the following:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-abey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay.  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

Id. at 1024 (quoting Rhines, 544 U.S. at 277).

Wooten declined to adopt a "broad interpretation of 'good cause.'"  Id.  To do so would "allow[] for routine stays of mixed petitions[] [and] would also be undermining the goals of AEDPA." Id. (holding that good cause was not established when petitioner mistakenly believed that his attorney exhausted all claims); compare Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006) (finding good cause, pre-Wooten, when a petitioner shows "he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of the case . . .[]").

10

Queen claims he has shown good cause because while his superior court habeas petition was pending, he obtained counsel, and he has recently obtained his trial counsel's file. (Application Stay Mem. P. & A. 7; Reply 3-4.)

### a.    Recently Obtained Counsel

Petitioner explains that after Queen filed his state habeas petition pro se on July 8, 2009, the current counsel was hired to "evaluate and determine if there were any issues outside the record of the direct appeal that should be raised in a separate state court petition." (Application Stay Mem. P. & A. 7 (citation omitted).)  Because the state habeas petition was filed over a year after the California Supreme Court denied Queen's petition for review and just six weeks before AEDPA's statute of limitations would expire, counsel was not sure that the superior court would find the state petition timely, which was necessary for statutory tolling.  (Id. at 3-4, 7-8.)  He chose to file a federal Petition and request the Court to stay and hold the Petition in abeyance until he could fully exhaust all claims.  (Id.)  Petitioner also notes that because he has a claim that appellate counsel failed to raise a meritorious claim, "petitioner therefore had good cause to have counsel other than counsel on direct appeal review the record and determine, independently, if there was a basis to file a habeas petition."  (Id. at 8.)

Queen's counsel has explained his activity in this case after he was hired, which was sometime since July 8, 2009.  (Id. at 7-8; Reply 3-5.)  Petitioner has not provided the Court with any information regarding Queen's efforts to exhaust his claims or seek counsel at any time prior to July of 2009, approximately six weeks

before AEDPA's statute of limitations was to expire on August 19, 2009.  (See Application Stay Mem. P. & A. 3.)

Petitioner provides no explanation for why he waited until over a year after the California Supreme Court denied his petition for review to file his first state habeas corpus petition.  A lengthy delay in exhausting a claim without adequate explanation is not good cause.  See Steger v. Thomas, No. 08-00305, 2008 WL 4056086, at *3 (D. Haw. Aug. 29, 2008) (failing to find good cause where petitioner waited fifteen months to make a claim for ineffective assistance of counsel and filed a federal petition instead a state postconviction motion).  The court stated, "Steger does not explain why he failed to file a post-conviction motion in the state court, other than to say he ran out of time." Id. at *2.

Queen, essentially, makes the same argument.  He states: "[P]etitioner, now with the assistance of counsel, filed the instant [mixed] petition on August 19, 2009.  He did so in order to ensure that the instant petition was timely filed because it was uncertain if the Superior Court would find the habeas petition in case number HC19645 was timely." (Application Stay Mem. P. & A. 4.)

Although Queen could have filed a timely federal Petition alleging the claim he had exhausted, ground one in his Petition, he did not.  (See Am. Pet. 4.)  He argues that there is good cause for the delay in exhausting his additional claims, stating that "[i]t was . . . necessary for the petitioner to obtain his trial file prior to filing any further petition in state court, in order to avoid the same ruling[,] that he failed to offer sufficient

1  evidence to present a <u>prima</u> <u>facie</u> case of relief." (Reply 4.)

2  Even so, Queen acknowledges that his trial file was not needed to

3  allege ineffective assistance of appellate counsel, ground three in

4  the federal Petition. (<u>See</u> Application Stay Mem. P. & A. 11.)

5      A failure of proof is not the equivalent of a failure to

6  exhaust.  <u>See</u> <u>Calleros v. Clark</u>, 08-CV-00424 OWW SMS HC, 2008 U.S.

7  Dist. LEXIS 82615, at **1-2 (E.D. Cal. Sept. 15, 2008).  In

8  <u>Calleros</u>, the petitioner filed a state court habeas petition which

9  was denied for failure to raise a prima facie claim and failure to

10 exhaust.  Calleros then filed a habeas petition with the California

11 Court of Appeal, followed by one to the California Supreme Court;

12 both were summarily denied.  <u>Id.</u> at *2.  The federal court

13 concluded that Calleros had exhausted his administrative and

14 judicial remedies.  <u>Id.</u> at **5-6.

15     <u>Wooten</u> followed a similar path.  There, "Wooten recited three

16 out of the four alleged substantive errors in his brief to the

17 California Supreme Court without developing any argument on those

18 errors.  Indeed, Wooten specified that he included those errors in

19 order to exhaust them for the purpose of bringing a federal habeas

20 petition."  <u>Wooten v. Kirkland</u>, 540 F.3d at 1026.  "The California

21 Supreme Court denied review without explanation . . . ."  <u>Id.</u> at

22 1022.  Wooten's brief to the state supreme court did not include a

23 cumulative error claim.  <u>Id.</u> at 1022, 1026.  The claims asserted

24 before the state supreme court, even in a perfunctory manner, were

25 exhausted; the omitted cumulative error claim was not.

26     There is some authority that ineffective assistance of counsel

27 establishes good cause for a failure to exhaust claims first in

28 state court.  <u>See</u> <u>Rhines v. Weber</u>, 408 F. Supp. 2d 844, 848-49 (D.

1   S.D. 2005), and <u>Fradiue v. Pliler</u>, No. CIV S-00-2209, 2005 WL

2   2204862, at *2 (E.D. Cal. Sept. 8, 2005), both support finding good

3   cause because of ineffective assistance of postconviction counsel.

4   But <u>Carter v. Friel</u>, 415 F. Supp. 2d 1314, 1318 (D. Utah 2006), and

5   <u>Vasquez v. Parrott</u>, 397 F. Supp. 2d 452, 464 (S.D. N.Y. 2005), are

6   to the contrary and hold that counsel's ineffectiveness does not

7   establish good cause.

8        Even if ineffective assistance of appellate counsel may

9   support a finding of good cause in some cases, it does not here.

10  From the information provided to the Court, this is not a case

11  where Queen was prevented from raising his claims, had no knowledge

12  of their existence, or appellate counsel failed to follow a request

13  to include claims on appeal.  <u>See</u> <u>Kuzyk v. Edwards</u>, No. ED CV 08-

14  01148, 2008 WL 4975877, at **3-4 (E.D. Cal. Nov. 20, 2008.)

15       On July 8, 2009, Queen filed his own state habeas corpus

16  petition, which included claims that the photo lineup was

17  unconstitutionally suggestive; trial counsel failed to secure an

18  expert to evaluate the photo lineup and failed to adequately

19  investigate a third party's use of the robbery victim's identity to

20  cash a check; and appellate counsel failed to raise ineffective

21  assistance of trial counsel.  (State Ct. R. petition writ habeas

22  corpus at 6-8; Am. Pet. 12.)  Queen did not allege appellate

23  counsel was ineffective for failure to challenge the trial court's

24  denial of the request for juror information to support Petitioner's

25  claim of jury misconduct.  (<u>Id.</u>)  The factual basis for Queen's new

26  claim against his appellate counsel would have been known to

27  Petitioner since the time of his appeal, and the claim that the

28  photo lineup was unconstitutionally suggestive was known even

14

1   earlier.  Petitioner provides no explanation for failing to raise

2   these claims sooner, other than arguing that the federal Petition

3   should be stayed "to avoid successive piecemeal state petitions."

4   (Reply 6.)  This is not good cause under <u>Rhines</u>.

5                   **b.   Recently Obtained Trial File**

6        Petitioner's counsel explains that because the superior court

7   denied Queen's state habeas corpus petition due to lack of

8   independent proof and failure to make a prima facie showing, the

9   trial file was necessary to support any future state petition.

10  (Application Stay Mem. P. & A. 8.)  While this Petition was

11  pending, Queen's current counsel contacted trial counsel who

12  explained that the trial file was in the custody of her former

13  employer.  (<u>Id.</u> at 5.)  After several communications between

14  Queen's current counsel and the law firm possessing the trial file,

15  it was ultimately delivered to Petitioner's counsel on December 28,

16  2009.  (Reply 4-5.)

17       Although Queen's counsel details his attempts to obtain

18  Petitioner's trial file from prior counsel, he provides the Court

19  with no information regarding any prior attempts by Queen to

20  retrieve his file at any time after his conviction.  The

21  allegations in the federal Petition and the superior court habeas

22  petition show that Queen's trial file was not essential to allege a

23  constitutional violation.  (<u>See</u> State Ct. R. petition writ habeas

24  corpus at 6-8; Am. Pet. 4-12.)  Assuming the trial file was

25  necessary to present a viable state habeas petition, Queen has not

26  shown that he made any efforts to obtain his trial file from

27  January 26, 2007, when he was sentenced, to August 19, 2008, when

28  his first federal Petition was filed.  (<u>See</u> Am. Pet. 1.)  As a

result, Petitioner has failed to show good cause, and he is not
entitled to a stay under <u>Rhines</u>.

Because Petitioner has failed to show good cause for his
failure to exhaust, the Court need not consider whether his
arguments are plainly meritless or whether he engaged in
intentionally dilatory litigation tactics.  <u>Wooten v. Kirkland</u>
540 F.3d at 1023 ("The district court did not abuse its discretion
in concluding that Wooten did not have 'good cause' for failing to
exhaust his cumulative error claim.  As a result, we need not reach
the other two factors in the <u>Rhines</u> test.")  Queen's Application to
Stay Proceedings Pending Exhaustion of State Court Remedies should
be **DENIED** [doc. no. 7].

**III. CONCLUSION**

Although the superior court held that Queen had not presented
a prima facie case for habeas relief, this does not mean that the
allegations in the state petition would not be sufficient to
exhaust judicial remedies if presented to the California Supreme
Court.

In <u>Picard v. Connor</u>, 404 U.S. at 278, the Court concluded, "We
simply hold that the substance of a federal habeas corpus claim
must first be presented to the state courts."  <u>See also</u> <u>Wooten</u>, 540
F.3d at 1026.  The first ground for relief in Queen's federal
Petition has been presented to the California Supreme Court and is
fully exhausted.  (Am. Pet. 4-6.)  His second ground for relief,
ineffective assistance of trial counsel, contains five subclaims.
(<u>Id.</u> at 7.)  The arguments that trial counsel failed to investigate
a third party's attempt to cash a check using the robbery victim's
identity and failed to present expert testimony concerning the

1  suggestiveness of the photo lineup are contained in Queen's
2  superior court habeas petition, filed July 8, 2009.  (<u>Id.</u> at 9-10.)
3  The subclaims that trial counsel failed to call a witness to
4  testify that he heard no shots fired, failed to test Petitioner's
5  sweatshirt for gunshot residue, and did not obtain declarations
6  from jurors that at least two jurors considered Queen's failure to
7  testify have not been presented to any state court.  (<u>Id.</u> at 9-11.)
8  Ground three in the federal Petition, ineffective assistance of
9  appellate counsel, was included in the habeas petition Queen filed
10 in superior court.  (<u>Id.</u> at 12.)

11     Queen has not established good cause for not presenting the
12 unexhausted claims to the California Supreme Court.  Moreover, he
13 did not present three of his ineffective assistance of trial
14 counsel claims to any state court.  Consequently, the Application
15 to Stay Proceedings should be **DENIED**.

16     For the reasons set forth above, the Court recommends that
17 Petitioner's Application to Stay Proceedings Pending Exhaustion of
18 State Court Remedies [doc. no. 7] be **DENIED** and that he be given
19 leave to file a Second Amended Petition that only contains his
20 first ground for relief, the sole claim that has been exhausted,
21 and if not filed, the Amended Petition should be **DISMISSED**.

22     This Report and Recommendation will be submitted to the United
23 States District Court judge assigned to this case, pursuant to the
24 provisions of 28 U.S.C. § 636(b)(1).  Any party may file written
25 objections with the Court and serve a copy on all parties on or
26 before March 19, 2010.  The document should be captioned
27 "Objections to Report and Recommendation."  Any reply to the
28

1  objections shall be served and filed on or before March 29, 2010.

2  The parties are advised that failure to file objections within the

3  specified time may waive the right to appeal the district court's

4  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

5

6  Dated:  March 4, 2010

                                             RUBEN B. BROOKS

7                                      United States Magistrate Judge

8  cc:  Judge Gonzalez
         All parties of record