1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   BRADLEY QUEEN,                              Civil No. 09cv1804-IEG (RBB)
12                          Petitioner,
                                                 **ORDER**:
13
                                                 **(1) DENYING MOTION FOR**
14        vs.                                    **STAY AND ABEYANCE (Doc. No.**
                                                 **7); and**
15
                                                 **(2) DISMISSING GROUNDS TWO**
16                                               **AND THREE OF FIRST**
     MATTHEW CATE, Secretary, California         **AMENDED PETITION FOR WRIT**
17   Department of Corrections and               **OF HABEAS CORPUS (Doc. No. 4).**
     Rehabilitation,
18
                          Respondent.
19

20        Petitioner Bradley Queen ("Petitioner"), a state prisoner represented by counsel, has filed a
21   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 4.)  Presently before the
22   Court is Petitioner's motion to stay and hold his petition in abeyance.  (Doc. No. 7.)  For the reasons
23   stated herein, the Court DENIES Petitioner's motion.
24                               **BACKGROUND**
25   **I.    Petitioner's State and Federal Habeas Corpus Petitions**
26        On May 21, 2008, the state Supreme Court denied Petitioner's petition for review of the state
27   Court of Appeal's affirmance of his California state court convictions.  Petitioner did not file a
28   petition for a writ of certiorari.

1    On July 8, 2009, over a year after the state Supreme Court denied his petition for review,

2    Petitioner proceeding pro se filed a state habeas corpus petition in Superior Court.[1]  On August 31,

3    2009, the Superior Court denied the petition, finding Petitioner had not made a prima facie showing

4    he was entitled to relief.  (Pet.'s Application to Stay, Ex. A at 2.)

5    On August 19, 2009, while the state petition was still pending in Superior Court, Petitioner

6    proceeding by and through counsel filed a federal habeas corpus petition.  Petitioner filed the petition

7    six weeks before the expiration of the one-year statute of limitations period for federal habeas corpus

8    claims set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

9    § 2244(d)(1).  Petitioner raises three grounds for relief:[2] (1) Petitioner was denied due process and his

10   right to a fair cross section of jurors by the trial court's refusal to continue the trial so that he could

11   challenge the method of selecting the jury panel; (2) he was denied effective assistance of trial

12   counsel,[3] and; (3) he was denied effective assistance of appellate counsel because his attorney did not

13   challenge on direct appeal the trial court's denial of Petitioner's request for juror information to

14   support his claim of jury misconduct.  (Pet. for Writ of Habeas Corpus at 4, 7, 12.)

15   It is undisputed that this is a "mixed" federal petition consisting of exhausted and unexhausted

16

17

18

---

19   [1]Petitioner's state habeas corpus petition raised the following claims: (1) the photo lineup used
     by the police was unconstitutionally suggestive; (2) he was denied effective assistance of trial counsel
20   because trial counsel should have had an expert evaluate the constitutionality of the photo lineup, she
     did not adequately investigate facts relating to a third party's attempt to use the victim's identity to
21   cash a check after Petitioner was in custody, and she failed to present a defense because she
     discouraged Petitioner from testifying on his own behalf; and (3) he was denied effective assistance
22   of appellate counsel because his attorney failed to raise trial counsel's failure to secure an expert to
     evaluate the photo lineup and failure to adequately investigate the third party's use of the victim's
23   identity to cash a check. (State Ct. Petition Writ Habeas Corpus at 6-8.)

24   [2]Petitioner filed a First Amended Petition on August 31, 2009, which is identical to the
     original, except that it includes Petitioner's signed verification.  (Pet. for Writ. of Habeas Corpus at
25   1.)

26   [3]Petitioner raises five sub-arguments under his claim of ineffective assistance of trial counsel.
     Petitioner contends that his attorney failed to: (1) investigate facts relating to a third party's attempt
27   to use the victim's identity to cash a check, (2) call a witness who would testify that a gun was not
     fired on the night of the robbery, (3) present expert testimony that the pretrial identification of
28   Petitioner was suggestive, (4) test Petitioner's sweatshirt for gunpowder residue, and (5) obtain jury
     declarations that two jurors considered Petitioner's failure to testify in finding him guilty.

1    claims.  (Objections at 2.)  Petitioner exhausted the first claim,[4] but concedes he did not exhaust the

2    second and third claims.[5] (Objections at 2.)

3    **II.      Petitioner's Motion for Stay and Abeyance**

4           On November 15, 2009, Petitioner filed the instant motion, requesting the Court hold his

5    federal habeas corpus petition in abeyance while he presents his unexhausted claims to the state court.

6    (Doc. No. 7.)  If the Court does not stay the proceedings, he will be time-barred from bringing those

7    claims back to federal court.  In the alternative, Petitioner requests that the Court allow him to proceed

8    with his exhausted claim pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002), with leave to

9    amend his petition to add the unexhausted claims once he has completed the habeas corpus procedure

10   in state court.  (Objections at 6.)

11          On December 11, 2009, Respondent filed an opposition to Petitioner's motion. (Doc. No. 13.)

12   On December 29, 2009, Petitioner filed a reply.  (Doc. No. 15.)  On March 4, 2010, Magistrate Judge

13   Ruben B. Brooks issued a Report and Recommendation ("Report"), recommending the Court deny

14   Petitioner's motion for a stay and abeyance.  (Doc. No. 18.)  On April 19, 2010, Petitioner filed

15   Objections to the Report.  (Doc. No. 21.)  Respondent has not filed a reply.

16          Because Petitioner objects to the Report in its entirety, the Court reviews the Report <u>de novo</u>.

17   28 U.S.C. § 636(b)(1); <u>Holder v. Holder</u>, 392 F.3d 1009, 1022 (9th Cir. 2004).

18                                    **<u>DISCUSSION</u>**

19   **I.      Legal Standard**

20          The Report sets forth the correct standard for granting a stay and abeyance.  The federal courts

21   are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court

22   judgment unless "the applicant has exhausted the remedies available in the court of the State."  28

23   U.S.C. § 2254(b)(1)(A).  A petitioner must provide the highest state court with a fair opportunity to

24   consider the factual and legal bases of his claims before presenting them to the federal court.  <u>Weaver</u>

25

26          [4]Petitioner raised the first ground for relief on direct appeal and in his petition for review filed
     with the California Supreme Court.  (Pet. for Writ of Habeas Corpus at 4-6.)

27          [5]None of the five sub-arguments under the second ground for relief were presented to the state
     Supreme Court, and only two of the five sub-arguments were included in the state habeas corpus
28   petition.  The third ground for relief was not presented to the state Supreme Court, but was alleged in
     the state habeas corpus petition.

1  v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (citing Picard v. Connor, 404 U.S. 270, 276 (1971)).

2       District courts may hold a habeas petition in abeyance in order to permit a petitioner to return

3  to state court to exhaust additional claims while the federal proceedings are stayed.  Rhines v. Weber,

4  544 U.S. 269, 277 (2005).  In exercising its discretion, the Court is to consider whether: (1) "the

5  petitioner has good cause for his failure to exhaust;" (2) the unexhausted claims are potentially

6  meritorious; and (3) petitioner has "engaged in intentionally dilatory tactics."  Id. at 278.  "[S]tay and

7  abeyance should be available only in limited circumstances."  Id. at 277.  If employed too frequently,

8  stay and abeyance has the potential to undermine AEDPA's objective of encouraging finality by

9  allowing a petitioner to delay the resolution of the federal proceedings.  Id.  It also has the potential

10  to undermine AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's

11  incentive to exhaust all his claims in state court prior to filing his federal petition.  Id.

12  **II.      Petitioner's Motion for Stay and Abeyance**

13       The Report recommends the Court deny Petitioner's motion for stay and abeyance because

14  Petitioner has failed to demonstrate good cause for his failure to exhaust, the first factor under Rhines.

15  Because the Report concluded that Petitioner did not have good cause, it did not reach the remaining

16  two factors.  As set forth below, the Court agrees with the Report's conclusion and rejects Petitioner's

17  Objections.

18       A.      Good Cause

19       The first factor under Rhines is whether "there was good cause for the petitioner's failure to

20  exhaust his claims first in state court."  Id. at 277.  As stated in the Report, neither the Supreme Court

21  nor the Ninth Circuit has defined what constitutes "good cause," but the Ninth Circuit has opined that

22  it requires something less than a showing of "extraordinary circumstances."  See Jackson v. Roe, 425

23  F.3d 654, 662 (9th Cir. 2005).  However, "good cause" must be interpreted in light of the Supreme

24  Court's instruction in Rhines that the district court should only stay mixed petitions in "limited

25  circumstances."  Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008).

26       The Report cites the Ninth Circuit's recent discussion in Wooten v. Kirkland of the good cause

27  standard.  In Wooten, the petitioner explained that he failed to exhaust a claim because he was "under

28  the impression" that his counsel included all of the issues raised before the state Court of Appeal in

1   his petition before the state Supreme Court.  Id. at 1024.  The Ninth Circuit held that this did not

2   constitute good cause for the failure to exhaust.  Id.  To accept that a petitioner's "impression" that

3   a claim had been included in an appellate brief constitutes good cause would render stay and abeyance

4   orders routine.  Id.  Such a scheme, the Ninth Circuit continued,  "would run afoul of Rhines and its

5   instruction that district courts should only stay mixed petitions in 'limited circumstances.'"  Id. at

6   1024.  The Ninth Circuit concluded that "were we to endorse such a broad interpretation of 'good

7   cause' that allowed for routine stays of mixed petitions, we would also be undermining the goals of

8   AEDPA.'"  Id.

9        In his Objections, Petitioner argues the Report improperly relied on Wooten "as authority for

10  denying the motion." (Objections at 3:5-7.)  Petitioner contends that this case is different because he

11  does not argue he was "under the impression" his appellate counsel exhausted the claims.  Petitioner's

12  attempt to distinguish Wooten fails, because the Ninth Circuit in Wooten in no way limited its

13  reasoning to the particular facts of the case.  Wooten's authoritative discussion of the standard for

14  "good cause" is applicable here.

15       The Court addresses below Petitioner's arguments that good cause exists for his failure to

16  exhaust.

17               1.      Recently Obtained Counsel

18       Petitioner argues that he has shown good cause because he obtained counsel in August of 2009

19  while his state habeas corpus petition was pending, to "evaluate and determine if there were any issues

20  outside the record of the direct appeal that should be raised in a separate state court petition." (Pet.'s

21  Application to Stay at 7.)  Petitioner's counsel decided to file the federal habeas corpus petition while

22  the state petition was pending because had the Superior Court found the state petition was untimely,

23  AEDPA's statute of limitations period would not be tolled and petitioner's federal petition would have

24  been time-barred.[6]

25       Magistrate Judge Brooks correctly found this does not constitute good cause for failure to

26  exhaust, explaining that Petitioner does not provide any information regarding his efforts to exhaust

27

28       [6]Petitioner filed the state habeas corpus petition over a year after the state supreme court
         denied his petition for review and just six weeks before AEDPA's statute of limitations would expire.
         The Superior Court ultimately did find the petition timely.  (Pet.'s Application to Stay, Ex. A.)

1   his claims or seek counsel earlier.  In addition, Petitioner does not explain why he waited until over
2   a year after the state Supreme Court denied his petition for review to file his state habeas corpus
3   petition. The factual basis for Petitioner's claim against his appellate counsel would have been known
4   to Petitioner since the time of his appeal, and the claims against his trial counsel even sooner.
5   Magistrate Judge Brooks noted that a lengthy delay in exhausting a claim without adequate
6   explanation does not constitute good cause, citing Steger v. Thomas, 2008 WL 4056086 (D. Haw.
7   2008).  In Steger, the petitioner filed a federal petition without having filed a state post-conviction
8   motion, explaining "he ran out of time."  Id. at *2.  The court found no good cause existed for failure
9   to exhaust, because petitioner had not shown he diligently pursued his claim in the almost fifteen
10  months since his direct appeal was concluded.  Id. at *3.

11          In his Objections, Petitioner attempts to distinguish Steger based on the fact that, unlike Steger,
12  Petitioner did file a state post-conviction motion.  This argument is unavailing.  Essentially the same
13  situation exists here as in Steger.  In order to timely file before the expiration of AEDPA's one-year
14  deadline, Petitioner filed his federal petition before exhausting all his claims.  Although Petitioner
15  filed a state petition in Superior Court, Petitioner did not present any of his claims to the state Supreme
16  Court.  See Weaver, 197 F.3d at 364.  As in Steger, Petitioner does not provide an adequate
17  explanation for his failure to exhaust, because as the Court concludes elsewhere in this Order,
18  Petitioner's explanation that he did not have counsel or the trial file does not constitute good cause.

19          In addition, Petitioner argues that he had good cause to have counsel other than appellate
20  counsel review the record and determine if there was a basis for filing a habeas petition.  Magistrate
21  Judge Brooks correctly found that, even if ineffective assistance of appellate counsel may support a
22  finding of good cause, it does not here.  This is not a case where Petitioner's appellate counsel
23  prevented him from raising his claims, from having knowledge of their existence, or failed to follow
24  a request to include claims on appeal.

25                    2.        Recently Obtained Trial File

26          Petitioner argues that good cause exists for the failure to exhaust, because Petitioner's counsel
27  was only able to obtain the trial file on December 28, 2009, after Petitioner filed his state and federal
28  petitions. (Reply at 4-5.) Because the state Superior Court had denied Petitioner's state habeas corpus

1  petition for failure to offer sufficient evidence,[7] Petitioner contends the trial file was necessary prior

2  to filing any further petition in state court so that Petitioner could substantiate the claim he was denied

3  effective assistance of trial counsel.[8] (Reply at 4.)

4       Magistrate Judge Brooks correctly found that Petitioner's alleged inability to make a prima

5  facie case without the trial file does not constitute good cause for his failure to exhaust.  While the

6  Superior Court held the state petition failed to allege a prima facie case for habeas relief, that does not

7  mean that the state petition would have been insufficient to exhaust judicial remedies if presented to

8  the state Supreme Court.  Magistrate Judge Brooks further found that the trial file was not essential

9  to allege a constitutional violation, and even assuming it was, Petitioner still failed to show good

10 cause.  Petitioner fails to provide information regarding prior attempts to retrieve the trial file at any

11 time between his sentencing on January 26, 2007 and when he filed the federal habeas corpus petition

12 on August 19, 2008.

13      In his Objections, Petitioner concedes that he could have exhausted the claims without the trial

14 file, but a "shell petition, without factual support, would preserve the issue for federal court, but it

15 would have no chance of success." (Objections at 5:1-3.)  Such a scheme "would relegate state post-

16 conviction proceedings to a *pro forma* shell for the purpose of exhaustion only, and doom the

17 petitioner to failure in state court and eventual failure in federal [court]." (Objections at 5:11-15.)

18 Petitioner's lack of sufficient evidence upon which to prove his claims does not constitute good cause

19 for the failure to exhaust, and Petitioner cites no authority supporting that it does.[9]

20 **CONCLUSION**

21      For the foregoing reasons, the Court hereby ORDERS the following:

22      1.    The Court ADOPTS Magistrate Judge Brooks' Report, REJECTS Petitioner's

24 [7]On August 31, 2009, the Superior Court denied the state petition, finding that Petitioner's

25 unsubstantiated, conclusory, and self-serving statements in the petition did not provide a sufficient basis upon which to prove his claims. (Pet.'s Application to Stay, Ex. A at 2.)

26 [8]Petitioner acknowledges that his trial file was not necessary for his third claim of ineffective

27 assistance of appellate counsel. (Pet.'s Application Stay, Ex. A at 11.)

28 [9]The only case Petitioner cites is <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1994), a California case setting forth the procedure for filing a habeas petition under state law, which is not relevant to the issue of exhaustion.

Objections to the Report, and DENIES Petitioner's motion for a stay and abeyance.  Petitioner requests in the alternative that the Court allow him to proceed with his one exhausted claim, with leave to amend his petition to add the unexhausted claims once he has completed the habeas corpus procedure in state court.  The Court denies this request.

2.      The Court DISMISSES the First Amended Petition for Writ of Habeas Corpus as to the second and third grounds for relief, which are unexhausted.

3.      Respondent shall file and serve an answer to the Petition in response to Petitioner's first ground for relief, the sole claim that has been exhausted, **within 45 days of the filing date of this Order**.

4.      Petitioner may file a traverse to matters raised in the answer **no later than 30 days after the filing date of the answer**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered.  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

**IT IS SO ORDERED.**

**DATED:  May 13, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

- 8 -

09cv1804